IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY RATLIFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 13-CV-388-WDS |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff Larry Ratliff's motion for leave to proceed *in forma pauperis* (Doc. 3). Plaintiff is seeking review under 42 U.S.C. § 405(g) of defendant Commissioner of Social Security's final decision denying plaintiff Social Security benefits.

A federal court may authorize the commencement of a civil case without the prepayment of fees or security if the plaintiff submits an affidavit that includes a statement of all assets he possesses and showing that he is unable to pay the fees or security. 28 U.S.C. § 1915(a)(1). "The privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court must determine whether the plaintiff could pay the fees and still be able to provide himself and his dependents "'with the necessities of life.'" *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

The court must dismiss the case, however, if it determines that the plaintiff's allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. § 1915(e)(2); *Lindell v.*

*McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

Here, plaintiff is unemployed. He does not receive any pay or wages, and he has not received any income, including gifts, in the past 12 months. Plaintiff notes that his wife works, but that is "the only income." Although the form asks the amount of income received and what plaintiff expects to receive in the future, he does not say. Plaintiff has $12,000 in a checking or savings account. The form asks whether plaintiff owns anything of value, including an automobile or real estate; what his housing and other regular monthly expenses are; whether he has any dependents; and what debts or financial obligations he has. Plaintiff does not include any of that information.

The Court **FINDS** that it is not able to determine whether plaintiff is able to pay the fees or security to commence this case because he has left most of the *in forma pauperis* form blank. Plaintiff must fill out the entire form for the Court to evaluate his financial circumstances. It is unlikely that plaintiff and his wife own no property, and even less likely that they have no monthly expenses. Accordingly, plaintiff's motion will be denied. Moreover, plaintiff's wife is employed, but plaintiff does not say how much she earns. Her income is attributable to plaintiff and needs to be included. *See, e.g.*, *Torain v. Ameritech Advanced Data Servs. of Ill., Inc.*, 319 Fed. App'x 433, 434–35 (7th Cir. 2009) (affirming the district court's dismissal of the case where the plaintiff omitted income and assets, including his wife's income of $250 per month, from his *in forma pauperis* application); *Tennial v. Madigan*, No. 11 C 3092, 2012 WL 266395, at *2 (N.D. Ill. Jan. 30, 2012) (finding the plaintiff misrepresented his finances by omissions relating to his wife's income); *Pisano v. Astrue*, Civil Action No. 11-30269-KPN, 2012 WL 79188, at *1–2 (D. Mass. Jan. 10, 2012) (finding the plaintiff's wife's income should be considered when determining whether to allow the plaintiff to proceed *in forma pauperis*). The Court's *in forma pauperis* form does not expressly ask for spousal income, so perhaps plaintiff misunderstood. Plaintiff is reminded, however, that if his allegation of poverty is untrue, the Court *must* dismiss this case. § 1915(e)(2); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305,

306 (7th Cir. 2002).

The Court **DENIES** plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) with leave to file a new, fully completed motion. Plaintiff must file the new motion, or pay the Court's filing fee, **by June 10, 2013**. Failure to do so may result in the dismissal of this case for failure to prosecute. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATED: May 10, 2013**

                                                                   **/s/ WILLIAM D. STIEHL**
                                                                       **DISTRICT JUDGE**