IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-388-WDS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**STIEHL, District Judge:**

Plaintiff Larry Ratliff, pro se, seeks review of defendant Commissioner of Social Security's decision denying him Social Security benefits. He filed his complaint on April 22, 2013 (Doc. 1), together with a motion to proceed *in forma pauperis* (IFP) (Doc. 3). Plaintiff's complaint does not say when or whether he received a notice of his right to sue from defendant. On May 5, 2013, the Court denied plaintiff's IFP motion because he had left most of the form blank and did not include his wife's income. The Court directed him to file a fully completed motion or pay the Court's filing fee by June 10, warning him that failure to do so could result in the dismissal of his case under Federal Rule of Civil Procedure 41(b). When plaintiff did not file a motion or pay the filing fee by that date, the Court issued an order directing him to show cause by June 28 why the Court should not dismiss the case. It is now well past that deadline, and plaintiff still has not filed anything with the Court or paid the filing fee. Accordingly, this case is **DISMISSED** for plaintiff's failure to pay the filing fee. *See* Fed. R. Civ. P. 41(b); *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007) (court is entitled to dismiss a complaint for failure to prosecute when the filing fee has not been paid).

The Court would ordinarily dismiss the case without prejudice. However, the 60-day statute of limitations that applies to this action under 42 U.S.C. § 405(g) has lapsed since the

Court denied plaintiff's IFP motion and gave him additional time to pay the filing fee (until June 10). *See Williams-Guice v. Bd. of Educ. of City of Chi.*, 45 F.3d 161, 164–65 (7th Cir. 1995) (statute of limitations is tolled until court denies IFP motion and for a reasonable time after); *Luevano v. Wal-Mart Stores, Inc.*, --- F.3d ----, No. 11-1917, 2013 WL 3599156, at *1 n.2 (7th Cir. July 16, 2013). Plaintiff's case is now untimely. Any new case filed after this one will also be untimely, so dismissal is effectively with prejudice. *See, e.g.*, *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). This case is therefore **DISMISSED WITH PREJUDICE** for failure to pay the Court's filing fee within the applicable statute of limitations. The Court **DIRECTS** the Clerk of Court to enter judgment against plaintiff Larry Ratliff and in favor of defendant Commissioner of Social Security.

    **IT IS SO ORDERED.**

    **DATED: <u>August 26, 2013</u>**

                                             <u>/s/ WILLIAM D. STIEHL</u>
                                                    **DISTRICT JUDGE**